**Barker, Epstein & Loscocco**
Andrew D. Epstein (Pro Hac Vice)
10 Winthrop Square
Boston, Massachusetts 02110
Telephone (617) 482-4900
Fax: (6217) 426-5251
Photolaw@aol.com

Counsel for Plaintiff,
Cady Noland

**UNITED STATES DISTRICT COURT**

**FOR THE**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CADY NOLAND,<br><br>    Plaintiff<br><br>v.<br><br>GALERIE MICHAEL JANSSEN,<br>MICHAEL JANSSEN,<br>WILHELM SCHURMANN,<br>KOW, and<br>CHRIS D'AMELIO,<br><br>    Defendants. | Civil Action No.<br><br>_____<br><br><br><br>**DEMAND FOR TRIAL BY JURY** |

**COMPLAINT**

  Plaintiff, Cady Noland for her complaint against Defendants, Michael Janssen Gallery Pte., Ltd., Michael Janssen, Wilhelm Schurmann, KOW Gallery, and Chris D'Amelio, states as follows:

<u>Plaintiff.</u>

1. Plaintiff, Cady Noland ("Plaintiff" or "Noland"), is an internationally renowned visual artist who lives in New York, New York.

2. Noland has received critical acclaim for her artwork throughout her artistic career. Many of her works are in the permanent collections of museums including the Museum of Modern Art and the Whitney Museum of American Art, both of which are located in New York City.

3. Much of Noland's artwork has been extensively published and critiqued in many art-related publications, news articles and through social media. Many of Noland's works of art have sold privately and at auction both in the United States and internationally for millions of dollars.

<u>The work of art that is the subject of this Action.</u>

4. Plaintiff is the author of a large sculpture made predominantly of wood and wooden logs known as "Log Cabin." Log Cabin (hereinafter referred to as "Log Cabin" or the "Work"), was created by Noland in or around 1990.

5. Log Cabin consists of wooden logs and other wood components assembled to look like the façade of a classic log cabin. Two American flags are an integral part of the sculpture. The Work is approximately twelve (12') feet high, eighteen (18') feet long and about five and one-half (5½') to six (6') feet wide. A photograph of Log Cabin is reproduced below and is incorporated herein by reference.



6.      Plaintiff has continuously owned the copyright to the Work.  An application for registration of the copyright to Log Cabin together with the required fee and deposit material was transmitted to the Copyright Office in proper form and registration was refused.  Plaintiff has complied with the requirements for registration of Log Cabin as provided in 17 U.S.C. § 411(a), and in accordance with said section will be serving notice and a copy of this Complaint on the Register of Copyrights.

7.      In or around 2010, an art conservator examined the deteriorated Log Cabin and recommended to one or more of the Defendants that all of the wooden components should be replaced.   Based in part on the conservator's recommendation, the entire edifice of Log Cabin was reconstructed using entirely new wooden parts and new logs.

8.     On or about July 18, 2014, Noland was informed for the first time that Log Cabin "suffered significant deterioration" and that "a great number of the logs had rotted or begun to rot." Noland was then informed that all of the original wooden components of the Work had already been replaced and the original wood components had been discarded.

### Defendants.

9.     Defendant, Michael Janssen Gallery Pte., Ltd. ("Janssen Gallery"), is an art gallery that operates galleries in Singapore and Berlin. Janssen Gallery's principal place of business is in Germany, located at Potsdamer Strasse 63, 10785 Berlin. Janssen Gallery regularly deals with attorneys in New York and with artists and customers internationally and in the State of New York.

10.    Defendant, Michael Janssen ("Janssen") is a German citizen who owns and operates Janssen Gallery. As the owner and operator of Janssen Gallery, Janssen regularly conducts business with attorneys, artists and with international clients in the United States and the State of New York.

11.    Defendant Wilhelm Schurmann ("Schurmann") is a citizen of the Federal Republic of Germany. Schurmann is an art collector who regularly purchases art in the United States and in the State of New York. In or around 1990, Schurmann purchased the work of art known as "Log Cabin."

12. Defendant, KOW ("KOW Gallery"), is an art gallery duly organized under the laws of the Federal Republic of Germany, with its principal place of business at Brunnen Strasse 9, 10119 Berlin, Germany. KOW Gallery operates an art gallery in Berlin and regularly conducts business with artists and with an international clientele in the United States and the State of New York.

13. Defendant, Chris D'Amelio ("D'Amelio") is an art dealer and art consultant who resides in the State of New York. At all times material hereto, D'Amelio acted as an "advisor" to KOW Gallery, Schurmann and/or Janssen Gallery with respect to the artwork, Log Cabin.

## Nature of the Action.

14. Plaintiff alleges that one or more of the Defendants herein together with their agents, servants or employees, acting alone or in concert with each other, conspired to infringe Noland's copyright by making or authorizing others to make an exact reproduction of Log Cabin without Plaintiff's knowledge or consent thereby infringing Noland's copyright to the Work.

15. This is an action for copyright infringement brought in part under the United States Copyright Act, 17 U.S.C. § 101 et seq., for damages and appropriate injunctive relief to redress the infringement of Log Cabin.

16. Noland is also seeking damages and relief for violation of her so-called "moral rights" under the Visual Artists Rights Act ("VARA")(17 U.S.C. § 106A) and/or similar legislation such as the New York Arts & Cultural Affairs Law §14.03 (also known as the New York Artists Authorship Rights Act).

17. In addition, Noland is seeking a declaration of her rights to the copyright of Log Cabin as well as declaratory judgment that her rights under the Copyright Act were violated, that her copyright to Log Cabin was infringed, and that her "moral rights" including her rights under VARA and/or the New York Artists Authorship Rights Act, were violated by one or more of said Defendants.

Jurisdiction and Venue.

18. This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a), and supplemental jurisdiction over all other claims in this Action under 28 U.S.C. §1367(a), including claims for damages under the New York Arts & Cultural Affairs Law §14.03 (also known as the New York Artists Authorship Rights Act).

19. This Court has personal jurisdiction over KOW Gallery pursuant to N.Y. C.P.L.R. 302, because KOW Gallery regularly conducts business with artists and clients in the State of New York.

20. This Court has personal jurisdiction over Schurmann pursuant to N.Y. C.P.L.R. 302, because he regularly purchases, sells and/or otherwise deals with works of art in the State of New York.

21. This Court has personal jurisdiction over Janssen Gallery pursuant to N.Y. C.P.L.R. 302, because Janssen Gallery regularly conducts business in the State of New York, with attorneys, artists and clients.

22. This Court has personal jurisdiction over Janssen pursuant to N.Y. C.P.L.R. 302, because Janssen regularly conducts business in the State of New York, with attorneys, artists and clients.

23. This Court has personal jurisdiction over D'Amelio who is a citizen living and

working in the State of New York.

24.     Venue is appropriate under 28 U.S.C. § 1400(a).

Sale of Log Cabin.

25.     Log Cabin was first exhibited in 1990, at Galerie Max Hetzler, an art gallery located in Cologne, Germany.  The work was sold by Galerie Max Hetzler to Schurmann.

26.     Noland is informed and believes that after Log Cabin was purchased by Schurmann, the work was exhibited in various museums in Germany.

27.     In or around 1995, Schurmann placed Log Cabin on a long-term loan with a museum in Aachen, Germany, where it was exhibited outdoors for approximately ten (10) years. The Work was placed on the ground with the wooden logs at the base of Log Cabin in direct contact with soil.

Count I<br>(Negligence against Schurmann)

28.     Schurmann, or his agents, servants or employees were either negligent or indifferent to the Work and they failed and neglected to examine Log Cabin, or to do regular inspections and maintenance, and protect the Work from rot, deterioration and exposure to the elements.

29.     As a result, Log Cabin suffered significant damage and deterioration due to the inherent nature of its wooden components, and the direct contact of the wood sculpture to the ground and the long-term effects that weather and seasonal changes had on the logs.

30. As a direct and proximate result of such negligent conduct or indifference to the Work, Noland's moral rights and other rights under the Copyright Act, VARA and/or the New York Arts & Cultural Affairs Law §14.03 (also known as the New York Artists Authorship Rights Act) have been violated for which Plaintiff is entitled to damages.

Count II
(Copyright Infringement against KOW Gallery, Schurmann and/or D'Amelio)

31. Noland repeats and realleges paragraphs 1 through 30 of this Complaint, as if the same were fully set forth herein.

32. On information and belief, in or around December 2010, KOW Gallery, Schurmann and/or D'Amelio, acting alone or in concert with each other, asked an art conservator to report on the condition of Log Cabin. The conservator issued a report documenting the damage to and the deterioration of the Work.

33. The conservator recommended that instead of restoring the damaged wooden components of the Work, all of the wooden parts and logs of Log Cabin should be replaced with entirely new wooden parts and new logs.

34. Neither Schurmann, KOW Gallery or D'Amelio contacted Noland to discuss the condition of Log Cabin or to seek her advice, guidance and assistance with respect to the deterioration or possible restoration of Log Cabin.

35. Instead, Schurmann, KOW Gallery and/or D'Amelio, acting alone or in concert with each other, decided to have all of the all original wooden components of Log Cabin discarded and replaced with entirely new wooden parts and new logs, thereby making a reproduction of the Work (hereinafter, the "Log Cabin Copy") in violation of § 106 of the Copyright Act.

36. As a direct and proximate result of such unauthorized reproduction of Log Cabin, Noland's copyright to the Work has been infringed for which she is entitled to damages and injunctive relief under the Copyright Act.

## Count III
(Copyright Infringement against KOW Gallery and Schurmann)

37. Noland repeats and realleges paragraphs 1 through 36 of this Complaint, as if the same were fully set forth herein.

38. KOW Gallery, acting as Schurmann's agent and with his permission and authority, publically displayed the Log Cabin Copy at KOW Gallery, in further violation of Noland's copyright.

39. As a direct and proximate result of such unauthorized display of the Log Cabin Copy, Noland's copyright to the Work has been infringed for which she is entitled to damages and injunctive relief under the U.S. Copyright Act.

## Count IV
(Copyright Infringement – Janssen Gallery)

40. Noland repeats and realleges paragraphs 1 through 39 of this Complaint, as if the same were fully set forth herein.

41. At some time after the Log Cabin Copy was publically displayed at KOW Gallery, KOW Gallery, D'Amelio and/or Schurmann contacted Janssen Gallery for help in marketing and selling the Log Cabin Copy.

42. In or around July 2014, Janssen Gallery found a potential purchaser for the Log Cabin Copy and it entered into an agreement for the sale of the Log Cabin Copy to an American collector for $1,400,000 (the "Agreement").

43. The Agreement with the American purchaser contains a provision that says if the

Artist (Cady Noland) "refuses to acknowledge or approve of the legitimacy of the Work" (the Log Cabin Copy), or "seeks to disassociate her name from the Work," or "claims that her moral rights, rights under the Visual Artists Rights Act or other similar legislation have been violated," the Purchaser can elect to have the Vendor (Janssen Gallery) buy back the work.  A copy of the Agreement is attached hereto as Exhibit A and is incorporated herein by reference.

44. Paragraph 10(e) of the Agreement provides that it shall be governed by, construed and interpreted exclusively in accordance with the laws of the State of New York and the laws of the United States applicable to transactions negotiated and fully performed within the State of New York.

45. Noland refused and continues to refuse to acknowledge or approve of the "legitimacy" of the Log Cabin Copy, and she seeks to disassociate her name from said Copy, and claims that her moral rights, and rights under the Visual Artists Rights Act and other similar legislation have been violated.  As a result, the American collector (the Purchaser under the Agreement) elected to have the Vendor (Janssen Gallery) buy back the Work.

46. As a direct and proximate result of Janssen Gallery's marketing and attempted sale of the Log Cabin Copy, Noland's copyright to the original Log Cabin has been infringed for which she is entitled to her damages and injunctive relief.

## Count VI
### (Conspiracy against
### Schurmann, KOW Gallery, Janssen Gallery, Janssen, and/or D'Amelio)

47. Noland repeats and realleges paragraphs 1 through 46 of this Complaint, as if the same were fully set forth herein.

48. Defendants, Schurmann, KOW Gallery, Janssen Gallery, Janssen, and/or D'Amelio, acting in concert with one or more of said Defendants and without Noland's permission or authority, decided to have Log Cabin reconstructed with entirely new wooden components and new wood logs.

49. Noland maintains that the Log Cabin Copy is a total reproduction of Log Cabin which is illegitimate, and she refuses to acknowledge said Copy or to have her name associated with it.

50. As a direct and proximate result of the actions of Defendants, Schurmann, KOW Gallery, Janssen Gallery, Janssen, and/or D'Amelio, acting alone or in concert with one another, Noland's copyright to the original Log Cabin has been infringed for which Plaintiff is entitled to damages and injunctive relief.

## Count VII
### (Vicarious Liability of Janssen)

51. Noland repeats and realleges paragraphs 1 through 50 of this Complaint, as if the same were fully set forth herein.

52. Janssen is vicariously liable for the infringement of Log Cabin because at all times material hereto, he was in charge of Janssen Gallery, he had a direct financial interest in Janssen Gallery's activities, and he had the right and ability to supervise the activities of the Janssen Gallery.

53. As a result, Janssen is jointly and severally liable along with Janssen Gallery for the infringement of Noland's copyright to Log Cabin, and for Plaintiff's damages, costs and attorney's fees under 17 U.S.C. §§504 and 505.

Count VIII
(Declaration of Rights – Declaratory Judgment)

54. Noland repeats and realleges paragraphs 1 through 50 of this Complaint, as if the same were fully set forth herein.

55. Noland is seeking declaratory judgment from this court as follows:

a. Plaintiff owns the copyright to Log Cabin and all components thereof including the construction plans for the Work;

b. As a direct and proximate result of the actions of KOW Gallery, Schurmann, Janssen Gallery, Janssen, and/or D'Amelio, Plaintiff's rights under the U.S. Copyright Act have been violated by one or more of said Defendants when they made or contributed to the making of the unauthorized Log Cabin Copy;

c. As a direct and proximate result of the actions of KOW Gallery, Schurmann, Janssen Gallery, Janssen and/or D'Amelio, Plaintiff's rights under the U.S. Copyright Act have been violated when any one or more of said Defendants exhibited, marketed and/or attempted to sell the unauthorized Log Cabin Copy;

d. As a direct and proximate result of the actions of KOW Gallery, Schurmann, Janssen Gallery, Janssen and/or D'Amelio, Plaintiff's moral rights and rights under VARA or other similar legislation have been violated when any one or more of said Defendants authorized the fabrication of the Log Cabin Copy and exhibited, marketed and/or attempted to sell said Copy;

e.	As a direct and proximate result of the actions of KOW Gallery, Schurmann, Janssen Gallery, Janssen and/or D'Amelio, Plaintiff's rights under the New York Arts & Cultural Affairs Law §14.03 (also known as the New York Artists Authorship Rights Act) have been violated when any one or more of said Defendants authorized the fabrication of the Log Cabin Copy and exhibited, marketed and/or attempted to sell said Copy.

Prayers for Relief

WHEREFORE, Plaintiff, Cady Noland, prays that this Court:

1.	Issue a preliminary order enjoining KOW Gallery, Schurmann, Janssen Gallery, Janssen and D'Amelio and their officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concert and/or in privity with any of them, from any and all further reproduction, display, marketing, and other uses of the Log Cabin Copy during the pendency of this Action;

2.	Issue an order that KOW Gallery, Schurmann, Janssen Gallery, Janssen and D'Amelio and their officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concert and/or in privity with any of them, be required to deliver up for impoundment the Log Cabin Copy as well as all photographs of said Copy in all forms whatsoever, which are in their possession or under their control;

3.	Issue an order permanently enjoining KOW Gallery, Schurmann, Janssen Gallery, Janssen and D'Amelio and their officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concert and/or in privity with any of them, from all further reproduction of Log Cabin, and from distributing, displaying, importing, selling and advertising the Log Cabin Copy;

4.	Issue an order requiring KOW Gallery, Schurmann, Janssen Gallery, Janssen and

D'Amelio and their officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concert and/or in privity with any of them, to destroy the Log Cabin Copy and to supply reasonable and sufficient proof of destruction to Plaintiff;

5. Award Noland all of her direct and consequential damages arising from the infringement of Noland's copyright to Log Cabin;

6. Award Noland all of her actual damages as well as all profits earned by KOW Gallery, Schurmann, Janssen Gallery, Janssen and D'Amelio and their officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concert and in privity with any of them, from the infringement of Noland's copyright in accordance with § 504(b) of the Copyright Act;

7. Issue an order that KOW Gallery, Schurmann, Janssen Gallery, Janssen and D'Amelio and their officers, agents, servants, employees, successors, assigns, affiliates, attorneys and all others acting in concert and privity with any of them be required to pay Noland such statutory damages within the provisions of the Copyright Act in a sum not less than $750.00, nor more than $30,000.00, or if the Court finds that the infringement was committed willfully, such statutory damages within the provisions of the Copyright Act in a sum up to and including $150,000.00;

8. Award Noland her reasonable attorneys' fees, costs of suit, and interest; and

9.	Award Noland such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

>	Plaintiff,
>	Cady Noland
>	By her Attorney,
>
>	/s *Andrew D. Epstein*
>	_____
>	Andrew D. Epstein (Pro Hac Vice)
>	Barker, Epstein & Loscocco
>	10 Winthrop Square
>	Boston, Massachusetts 02110
>	Telephone (617) 482-4900
>	Fax: (6217) 426-5251
>	Photolaw@aol.com